The **ATLANTA ATHLETIC CLUB,**
Plaintiff,

v.

**UNITED STATES of America,**
Defendant.

Civ. A. No. 10200.

United States District Court
N. D. Georgia,
Atlanta Division.
April 11, 1967.

Jones, Bird & Howell, Atlanta, Ga., for plaintiff.

Charles L. Goodson, U. S. Atty., Slaton Clemmons, Asst. U. S. Atty., Atlanta, Ga., for defendant.

BOOTLE, Chief Judge:

On October 30, 1959 the Board of Directors of the Atlanta Athletic Club in order to enable the Club to obtain the benefit of an exemption from the 20% club dues tax as authorized by the September 21, 1959 amendment to Section 4243(b) of the Internal Revenue Code adopted, and the Club mailed to all members the same day, a resolution setting forth a revised schedule of dues and initiation fees, to become effective November 1, 1959, showing that 40% of the total amount to be paid by each member was imposed for, and would be paid for construction and reconstruction of club facilities or for other purposes mentioned in said amendment. This 40% levy for that purpose was based upon known existing needs at that time as pointed out by a Committee whose duty it was to make recommendations in connection with the need for capital additions and improvements of club facilities. The total amount of dues and fees charged was not changed, but the purpose of the levy or assessment was changed.

These cross-motions for summary judgment originally presented two questions:

(1) In order for the Club to be entitled to this exemption is it necessary that it have specific plans or a definite project for construction or reconstruction at the time dues or fees for this purpose are paid by the members.

(2) In order for the Club to be entitled to this exemption is it necessary that the Club dues and initiation fees claimed to be exempt be kept segregated in the form of liquid assets and not commingled with other amounts of the Club.

Counsel for the Government has now conceded question two, after receiving a copy of a part of plaintiff's financial statement and being satisfied that for the taxable periods in issue a portion of the membership dues and fees were designated for future construction or reconstruction of facilities or for other purposes mentioned in said amendment when they were received by the Club.

After giving careful consideration to the briefs submitted, this court concludes that remaining question one must be answered in the negative.

The Government relies in part upon a letter from the Assistant Commissioner of Internal Revenue to the Assistant to the Secretary of the Treasury, dated August 18, 1959, saying in part:

"We believe the statute should make it entirely clear that the exemption is not available, for example, in a situation where amounts are to be collected over a period of years for construction or reconstruction which the club or organization rather generally anticipates but which it has not specifically planned or scheduled."

The Congress, it seems, did not go along with that suggestion. The statute (September 21, 1959 Amendment to § 4243 of the Internal Revenue Code) requires only (1) that the dues or fees be paid for the purposes specified, and (2) that "such amount" then be expended for such purposes within three years after the date of payment.

It is understood that there remains for trial in this case only the issue of the nature and character of the expenditures, this question arising out of the defendant's contention that certain of the expenditures which plaintiff contends were made for construction or reconstruction of club facilities within the meaning of § 4243(b) or for other purposes specified therein were in fact made for repairs or for other purposes which would not constitute construction or reconstruction of club facilities or other work or expenditures within the meaning of said section.

Let counsel for plaintiff prepare an order for partial summary judgment in accordance herewith, the same to be settled upon notice.